UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-02764-DSF (SK) | Date | August 31, 2023 |
|---|---|---|---|
| Title | Solomon J. M. Andrews v. Lee Baca, et al. | | |

| Present: The Honorable | Steve Kim, U.S. Magistrate Judge |
|---|---|
| Connie Chung | n/a |
| Deputy Clerk | Court Smart / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE**

Plaintiff is a California state inmate proceeding pro se with a civil rights complaint under 42 U.S.C. § 1983. He alleges that deputies at the Men's Central Jail in Los Angeles, California, physically assaulted him in January 2007. (ECF 1 at 5). Because plaintiff is proceeding in forma pauperis, the Court must screen his complaint to ensure it states a federal claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc). Such relief is unavailable if plaintiff's claims are untimely under the applicable statute of limitations. *See* 28 U.S.C. § 1915A(b)(1); Fed. R. Civ. P. 12(b)(6). Here, plaintiff had to bring any claims alleging constitutional violations based on alleged excessive use of force within two years of that event—that is, by no later than January 2009, which is nearly 15 years ago. *See Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004).

As a result, plaintiff is **ORDERED TO SHOW CAUSE** in writing by **September 29, 2023,** why this action should not be dismissed as untimely. *See* 28 U.S.C. § 1915A(b)(1). He may discharge this order by filing a Notice of Voluntary Dismissal using the attached Form CV-09. Cases voluntarily dismissed this way do not count as strikes under 28 U.S.C. § 1915(g), which caps the number of lawsuits that state prisoners may file in federal court without prepayment of filing fees. *See* 28 U.S.C. § 1915(g). But suits dismissed on their merits—including those dismissed as untimely under applicable statutes of limitations—do count against that lifetime maximum. In any case, failure to file a timely response to this order may also result in involuntary dismissal of this action for failure to prosecute and obey court orders. *See* Fed. R. Civ. P. 41(b); L.R. 41-1.